# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01030-WDM-CBS

NOBLE ASSET MANAGEMENT LLC, on behalf of itself and all others similarly situated,

    Plaintiff,

v.

ALLOS THERAPEUTICS, INC., and
MICHAEL E. HART,

    Defendants.

---

## ORDER OF PRELIMINARY APPROVAL

    This matter is before me on the Plaintiff's Renewed Unopposed Motion for Preliminary Approval of Settlement (doc. no. 66). It seeks approval of the Stipulation and Agreement for Settlement entered into in February 2008 (doc. no. 59) ("Stipulation"). All parties consent to this action. This matter had been previously dismissed by my colleague Senior District Judge Richard P. Matsch. That dismissal was appealed to the Tenth Circuit Court of Appeals and while pending before the court the matter was settled as shown in the Stipulation, but the Court of Appeals otherwise retains jurisdiction. The Court of Appeals remanded the matter to this court for the limited purpose of review and approval of the Stipulation. However, Judge Matsch recused himself and the matter was randomly drawn to me thereafter.

    Following full review of the file, it appears appropriate that this matter be scheduled for hearing to determine whether the settlement should be approved.

    It is therefore ordered:

1. <u>Definitions:</u> All Terms used in this order have the meanings defined in the Stipulation.

2. <u>Preliminary Approval; Jurisdiction:</u> I preliminarily approve the Stipulation and the settlement contained therein subject to further consideration at the Settlement Fairness Hearing described below and any other matter properly before me. I reserve the rights to terminate this Order of Preliminary Approval as may be appropriate in the circumstances and to approve the Settlement with or without modifications and with or without further notice. If I do approve the settlement, the Court of Appeals will be advised and it will have sole jurisdiction over this matter.

3. <u>Class Certification:</u> Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of all persons who purchased the common stock of Allos Therapeutics, Inc. ("Allos") between May 29, 2003 and April 29, 2004, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Allos at all relevant times, members of their immediate families (parents, spouses, siblings, and children) and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Defendants expressly reserve the right to contest class certification in the event the Settlement does not become effective for any reason.

4. <u>Class Action Requirements:</u> I find, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: i) the number of Class Members is so numerous that joinder of all members thereof is impracticable; ii) there are questions

2

of law and fact common to the Class; iii) the claims of the named representatives are typical of the claims of the Class they seek to represent; iv) the Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent the interests of the Class; v) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Definition of Class Claims and Defenses: Pursuant to Fed. R. Civ. P. 23(c)(1)(B) the class claims, issues and defenses are set forth in the Amended Complaint and include: the Class claims that investors were damaged by purchasing Allos common stock during the Class Period at prices artificially inflated as a result of Defendants' alleged dissemination of materially false and misleading statements regarding Allos, in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder. Defendants' defenses are that all disclosures were not false and misleading, the alleged misleading statements were not material within the meaning of federal securities law, the defendant did not act with the required *scienter* and any claimed losses were not caused by Defendants' conduct.

6. Class Representative: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff Patrick Haddad is certified as Class Representative.

7. Class Counsel: Pursuant to Fed. R. Civ. P. 23(c)(1)(B) I appoint the Milberg, LLP firm and Dyer & Berens, LLP as Class counsel. Pursuant to Fed. R. Civ. P. 23(g), I find that these counsel have engaged in extensive effort to investigate and identify potential claims, are experienced in handling class actions, in particular the claims of

3

this type, have demonstrated their knowledge of applicable law, and have and will continue to commit the necessary resources in representing the Class.

8. <u>Settlement Fairness Hearing:</u> A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **January 21, 2009**, at **10:00 a.m.** for the following purposes:

a. to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

b. to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c. to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

d. to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court; and

e. to rule upon such other matters as the Court may deem appropriate.

9. <u>Attorney Fees and Expenses:</u> In the event that the I approve the Settlement and the Plan of Allocation, I may thereafter determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel. Counsel have represented that they will not seek fees in excess of one-third of the gross settlement fund. They estimate costs to be $45,000.00.

10. I approve the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

11. Claims Administrator: I approve the appointment of Gilardi & Co. LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before October 13, 2008, to all Class Members who can be identified with reasonable effort. The Defendants shall cause Allos' transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Allos common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from

the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners.  Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

12.  Publication Notice:  I approve the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Counsel shall cause the Publication Notice to be published in the national edition of *Investor's Business Daily* within ten days of the mailing of the Notice.  Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

13.  The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14.  Proof of Claim:  In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

6

a.  A properly executed Proof of Claim and Release (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than February 5, 2009.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

b.  The Proof of Claim submitted by each Class Member must satisfy the following conditions:  vii) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; viii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Counsel; ix) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and x) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

15. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than December 15, 2008, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the Allos Therapeutics Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of Allos common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17. If the Settlement is approved, then on the Effective Date all Class Members for whom timely, valid, and complete requests for exclusion from the Class have not been submitted in accordance with the Notice shall conclusively be deemed to have dismissed with prejudice all Settled Claims with respect to the Released Parties, and

8

shall be forever barred and enjoined from asserting, prosecuting, or continuing the prosecution of any such claims, pursuant to the terms of the Stipulation.

18. <u>Comments or Objections:</u>  I will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are e-filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado  80294-3589 on or before December 15, 2008 .  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action, which asserts Settled Claims against any Released Party.

20. As provided in the Stipulation, Plaintiffs' Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

21. Neither Defendants nor Defendants' Counsel shall have any responsibility for any Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the proposed Settlement.

22. If: (a) the Settlement is terminated by Defendants pursuant to paragraph 25 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Counsel or Defendants' Counsel elects to terminate the Settlement as provided in paragraph 27 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

23. The Court retains exclusive jurisdiction over the Action to consider all further

matters arising out of or connected with the Settlement.

DATED at Denver, Colorado, on September 15, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01030-WDM-CBS

NOBLE ASSET MANAGEMENT LLC, on behalf of itself and all others similarly situated,

     Plaintiff,

v.

ALLOS THERAPEUTICS, INC., and
MICHAEL E. HART,

     Defendants.

---

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**If you purchased the common stock of Allos Therapeutics, Inc. ("Allos") between May 29, 2003 and April 29, 2004, inclusive, and were damaged thereby, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $2,000,000 cash settlement fund for the benefit of investors who purchased Allos common stock between May 29, 2003 and April 29, 2004, inclusive (the "Class Period") and were damaged thereby.

- The settlement resolves a lawsuit over whether Allos misled investors about the prospects for RSR13, a drug candidate in development by Allos designed to improve cancer treatments.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2008** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY _____, 2008** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants and the other Released Parties about the Settled Claims. |

| OBJECT BY _____, 2008 | Write to the Court about why you do not like the settlement. |
|---|---|
| GO TO A HEARING ON _____, 2008 | Ask to speak in Court about the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## SUMMARY NOTICE

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $2,000,000 in cash, plus interest, has been established. Plaintiffs estimate that there were approximately 14.2 million shares of Allos common stock traded during the Class Period which may have been damaged. Plaintiffs estimate that the average recovery per damaged share of Allos common stock under the settlement is 14.1¢ per damaged share[1] before deduction of Court-awarded attorneys' fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of Allos common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page [____] for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable to the plaintiffs or the Class and deny that plaintiffs or the Class have suffered any damages.

---

[1]      An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

<u>Statement of Attorneys' Fees and Costs Sought</u>

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $45,000. The requested fees and expenses would amount to an average of 5.0¢ per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

<u>Further Information</u>

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Counsel: Jeff S. Westerman, Esq., Milberg LLP, One California Plaza, 300 S. Grand Ave., Suite 3900, Los Angeles, CA 90071; Telephone: (213) 617-1200.

<u>Reasons for the Settlement</u>

For the Plaintiffs, the principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved in view of the fact that the District Court has dismissed the Complaint, concluding that the Plaintiffs did not state a valid claim under the law against the Defendants. Even if Plaintiffs were successful on appeal and the Complaint were re-instated, there would be risks that a smaller recovery or no recovery might be obtained after a contested trial and likely appeals, possibly years into the future.

For the Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation in the event that plaintiffs were successful on appeal of the dismissal of the Complaint.

**[END OF COVER PAGE]**

| **WHAT THIS NOTICE CONTAINS** |
|---|

**Table of Contents**

| | Page |
|---|---|
| SUMMARY NOTICE | 2 |
|     Statement of Plaintiff Recovery | 2 |
|     Statement of Potential Outcome of Case | 2 |

- 3 -

Statement of Attorneys' Fees and Costs Sought.................................................3

Further Information.............................................................................3

Reasons for the Settlement.....................................................................3

BASIC INFORMATION ..............................................................................6

    1.   Why did I get this notice package?.........................................6

    2.   What is this lawsuit about? ................................................6

    3.   Why is this a class action? ................................................7

    4.   Why is there a settlement? ................................................7

WHO IS IN THE SETTLEMENT .......................................................................8

    5.   How do I know if I am part of the settlement? ..............................8

    6.   Are there exceptions to being included?...................................8

    7.   What if I am still not sure if I am included? ..............................8

THE SETTLEMENT BENEFITS — WHAT YOU GET ..........................................................9

    8.   What does the settlement provide? .........................................9

    9.   How much will my payment be? ..............................................9

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM....................................9

    10.   How can I get a payment?..................................................9

    11.   When would I get my payment? .............................................9

    12.   What am I giving up to get a payment or stay in the Class?.................10

EXCLUDING YOURSELF FROM THE SETTLEMENT .........................................................10

    13.   How do I get out of the proposed settlement? .............................11

    14.   If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? .............................11

    15.   If I exclude myself, can I get money from the proposed settlement?........11

THE LAWYERS REPRESENTING YOU ...................................................................12

    16.   Do I have a lawyer in this case?.........................................12

17.     How will the lawyers be paid?...................................................12

OBJECTING TO THE SETTLEMENT.......................................................13

18.     How do I tell the Court that I do not like the proposed settlement?..........13

19.     What is the difference between objecting and excluding?.......................14

THE COURT'S SETTLEMENT FAIRNESS HEARING .......................................14

20.     When and where will the Court decide whether to approve the
        proposed settlement?...................................................14

21.     Do I have to come to the hearing? .........................................14

22.     May I speak at the hearing? ...............................................15

IF YOU DO NOTHING ......................................................................15

23.     What happens if I do nothing at all?.......................................15

GETTING MORE INFORMATION...........................................................15

24.     Are there more details about the proposed settlement? ...........................15

25.     How do I get more information?..............................................16

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
        MEMBERS ..........................................................16

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES........................18

# BASIC INFORMATION

| 1. | Why did I get this notice package? |
|----|-----------------------------------|

You or someone in your family may have purchased shares of Allos common stock between May 29, 2003 and April 29, 2004, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Colorado, and the case is known as *Noble Asset Management LLC v. Allos Therapeutics, Inc., et al.* Civil Action No.: 04-cv-01030-WDM-CBS. This case was assigned to United States Senior District Judge Walker D. Miller. The people who sued are called Plaintiffs, and the company and the persons they sued -- Allos and Michael E. Hart (the Chief Executive Officer, President and Chief Financial Officer of Allos throughout the Class Period) -- are called the Defendants.

| 2. | What is this lawsuit about? |
|----|----------------------------|

Allos is a biopharmaceutical company focused on developing and commercializing innovative drugs for improving cancer treatments.

The lawsuit claimed that Defendants misled investors regarding RSR13, a drug candidate in development by Allos designed to improve cancer treatments. Plaintiffs allege that, in a scheme to artificially inflate the value of Allos' securities, Defendants issued false and misleading press releases and other statements throughout the Class Period which falsely portrayed the results of the drug's clinical trials and thereby created a perception in the stock market that the U.S. Food and Drug Administration (FDA) would approve the drug in the then near future.

Plaintiffs further allege that investors purchased Allos common stock during the Class Period at prices artificially inflated as a result of Defendants' dissemination of materially false and misleading statements regarding Allos in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder.

| 3.     Why is this a class action? |
|---|

In a class action, one or more people called Class Representatives (in this case Plaintiff Patrick Haddad), sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4.     Why is there a settlement? |
|---|

This action was commenced on May 19, 2004 in the United States District Court for the District of Colorado. A number of other complaints were also filed on behalf of different plaintiffs. In each of these other cases the plaintiff filed a notice of voluntary dismissal which resulted in the Court dismissing the case without prejudice.

On August 25, 2004, Plaintiff Noble Asset Management LLC filed the First Amended Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). Defendants filed a motion to dismiss the Complaint on October 12, 2004.

On October 20, 2005, the District Court entered an order dismissing the Complaint for failure to state a valid claim under the law and entered judgment in the Action in favor of Defendants and against Plaintiffs. On November 17, 2005, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit appealing the District Court's order and judgment.

At the direction of the Tenth Circuit, the parties participated in discussions with a Circuit Mediator. Subsequently, with the assistance of retired United States District Judge Layn R. Phillips acting as a mediator, the parties, through their counsel, conducted discussions and arm's length negotiations with respect to a compromise and settlement of the Action.

On or about February 6, 2008, Plaintiffs and Defendants entered into a Stipulation and Agreement of Settlement setting forth the terms of the settlement of this Action. In furtherance of the settlement, the appeal was withdrawn without prejudice in favor of remand to the District Court for the sole purpose of considering the settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The Court of Appeals did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the risks and cost of appeal and possible trial, and the Class Members will receive some benefits. Plaintiffs and their counsel believe the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|----|-----------------------------------------------|

The Court directed, for the purposes of the proposed settlement, that everyone who fits this description is a Class Member: *all persons who purchased the common stock of Allos between May 29, 2003 and April 29, 2004, inclusive, and who were damaged thereby.*

| 6. | Are there exceptions to being included? |
|----|------------------------------------------|

Excluded from the Class are Defendants, the officers and directors of Allos at all relevant times, members of their immediate families (parents, spouses, siblings, and children) and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

If one of your mutual funds purchased shares of Allos common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you directly purchased shares of Allos common stock during the Class Period. Check your investment records or contact your broker to see if you purchased Allos common stock during the Class Period.

If you **sold** Allos common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you **purchased** your shares during the Class Period.

| 7. | What if I am still not sure if I am included? |
|----|-----------------------------------------------|

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-_____-_____ or visit *www.gilardi.com* for more information. Or you can fill out and return the Proof of Claim form described on page [____], in question 10, to see if you qualify.

- 8 -

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

| 8. | What does the settlement provide? |
|---|---|

In exchange for the settlement and dismissal of the Action, Allos has agreed to create a $2,000,000 fund to be divided, after fees and expenses, among all Class Members who send in a valid Proof of Claim form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of Allos common stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. *See* the Plan of Allocation beginning on page [___] for more information on your Recognized Claim.

**HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM**

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at *www.gilardi.com*. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2008**.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a hearing on _____, **2008**, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them at any time against any of the Released Parties which arise out of, are based upon, or are related in any way to (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase, acquisition, retention, sale, or disposition of Allos common stock during the Class Period; or (b) the settlement or resolution of this Action (including, without limitation, any claim for attorneys' fees by Plaintiffs' Counsel or any Class Member). "Settled Claims" shall also include claims related to any tax effects or tax liabilities (including any interest, penalties and representation costs) arising out of the Stipulation or any payment or transfer made pursuant to the Stipulation. "Settled Claims" does not mean or include claims, if any, against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") which are not common to all Class Members.

"Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, reinsurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

The "Effective Date" will occur when an Order entered by the Court approving the settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement Class. Defendants may withdraw from

and terminate the Settlement if putative Class Members who purchased in excess of a certain amount of Allos common stock exclude themselves from the Class.

| 13. | How do I get out of the proposed settlement? |

To exclude yourself from the settlement Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *Noble Asset Management LLC v. Allos Therapeutics, Inc., et al.*, Civil Action No.: 04-cv-01030-WDM-CBS." Your letter should state the date(s), price(s), and number(s) of shares of all your purchases and sales of Allos common stock during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, **2008** to:

Allos Therapeutics Securities Litigation EXCLUSIONS
c/o Gilardi & Co. LLC, Claims Administrator
P.O. Box 5100
Larkspur, California 94977-5100

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Parties in the future.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2008**.

| 15. | If I exclude myself, can I get money from the proposed settlement? |

No. If you exclude yourself, do not send in a Proof of Claim form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
| --- | --- |

The law firm of Milberg LLP in Los Angeles, California has been appointed to represent all Class Members in connection with this settlement.[2] These lawyers are called Plaintiffs' Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
| --- | --- |

If the settlement is approved, the Court will thereafter consider the motion for payment of attorneys' fees and expenses. Plaintiffs' Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount not greater than one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $45,000, plus interest on such expenses at the same rate as earned by the Settlement Fund.

Plaintiffs' Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the settlement and distributing the settlement proceeds to the members of the Class.

---

[2]     Milberg LLP was formerly known as Milberg Weiss Bershad & Schulman LLP. On May 18, 2006 in the United States District Court for the Central District of California (Los Angeles), Milberg Weiss Bershad & Schulman LLP and two of its partners, David J. Bershad and Steven G. Schulman, and others, were named as defendants in an indictment. On September 20, 2007 a superseding indictment was filed which added Melvyn I. Weiss as a named defendant. The indictments alleged that, in certain cases identified in the indictments, portions of attorneys' fees awarded to the firm were improperly shared with certain plaintiffs. The three partners named in the indictments have left the firm and have pleaded guilty to a charge of conspiracy to obstruct justice. The indictments do not refer to this action, and makes no allegations of any impropriety in the conduct of this action.

On June 16, 2008, Milberg LLP entered into a non-prosecution case disposition agreement with the government providing for dismissal of the indictment against Milberg LLP. The government determined that the former senior partners who had engaged in misconduct "took affirmative steps to conceal their illegal activities from other partners, associates, and employees of the Firm." The government determined that dismissal of the indictment and non-prosecution of Milberg LLP were appropriate in light of its belief that "no attorney currently a partner or associate with Milberg LLP is criminally culpable" with respect to conduct charged in the indictment.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 18. | How do I tell the Court that I do not like the proposed settlement? |
|---|---|

If you are a Class Member you can object to the settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in *Noble Asset Management LLC v. Allos Therapeutics, Inc., et al.*, Civil Action No. 04-cv-01030-WDM-CBS. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases and sales of Allos common stock you made during the Class Period, and state the reasons why you object to the settlement. Your objection must be filed with the Court and served on all the following counsel on or before _____, 2008:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>  for the District of Colorado<br>Alfred A. Arraj U.S. Courthouse<br>901 19th Street<br>Denver, CO  80294-3589 | Jeff S. Westerman, Esq.<br>Milberg LLP<br>One California Plaza<br>300 S. Grand Ave.<br>Suite 3900<br>Los Angeles, CA  90071 | Paul H. Schwartz, Esq.<br>Cooley Godward Kronish LLP<br>380 Interlocken Crescent<br>Suite 900<br>Broomfield, CO  80021-8023 |

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 18 and question 22 below for filing with the Court and providing to the counsel for Plaintiffs and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the settlement, the Plan of Allocation, or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

> **19.** What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

> **20.** When and where will the Court decide whether to approve the proposed settlement?

The Court will hold a Settlement Fairness Hearing at ___:_____ __.m. on ____day, _____, 2008, at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If the Settlement is approved, at the Settlement Fairness Hearing, the Court thereafter will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 18. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 22 for more information about speaking at the hearing. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Counsel before coming to be sure that the date and/or time has not changed.

> **21.** Do I have to come to the hearing?

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|-----|------------------------------|

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 18 above) a statement stating that it is your "Notice of Intention to Appear in *Noble Asset Management LLC v. Allos Therapeutics, Inc., et al.*, Civil Action No. 04-cv-01030-WDM-CBS." Persons who intend to object to the settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 18 and 20 above.

### IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|---------------------------------------|

If you do nothing, you will get no money from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Settled Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10). To start, continue or be a part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims in this case you must exclude yourself from this Class (see question 13).

### GETTING MORE INFORMATION

| 24. | Are there more details about the proposed settlement? |
|-----|--------------------------------------------------------|

This notice summarizes the proposed settlement. More details are in a Stipulation and Agreement of Settlement dated as of February 6, 2008 (the "Stipulation"). You can get a copy of the Stipulation by writing to Jeff S. Westerman, Esq., Milberg LLP, One California Plaza, 300 S. Grand Ave., Suite 3900, Los Angeles, CA 90071, or by visiting *www.gilardi.com*.

You also can call the Claims Administrator at 1-800-_____-_____ toll free; write to Allos Therapeutics Securities Litigation Settlement, P.O. Box 5100, Larkspur, California 94977-5100; or visit the website at *www.gilardi.com*, where you will find answers to common questions about the settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| 25. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $2,000,000 Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects Plaintiffs' allegations that the price of Allos' common stock was inflated artificially by reason of allegedly false and misleading statements made by Defendants during the Class Period. The following Plan is based solely on the allegations of the Plaintiffs and not on the findings of the Court or the admissions of the Defendants.

Plaintiffs alleged that the artificial inflation began by May 29, 2003 after Defendants published a press release which allegedly misled investors to believe that the FDA would approve Allos' drug candidate RSR13 in the then near future. The proposed Plan of Allocation reflects Plaintiffs' allegations that the inflation was finally ended on or about April 30, 2004, when investors began to learn the truth about RSR13 that Defendants had actively concealed from them during the Class Period. On April 30, 2004, the FDA released a briefing in advance of the FDA's Oncologic Drugs Advisory Committee meeting on Allos' application for approval of RSR13 for patients with brain metastases from breast cancer. In the "Conclusions and Recommendations" section of its review of Allos' application, FDA staffers stated that "the evidence submitted in this application is not convincing and does not support the sponsor's claim of efficacy." In reaction to this announcement, the price of Allos' common stock declined precipitously, reflecting the elimination of the artificial inflation that Defendants' misrepresentations allegedly caused during the Class Period. On April 29, 2004, Allos' common stock closed at $4.64 per share. On the next day following the FDA's announcement, April 30, 2004, the stock closed at $2.55 per share, a $2.09 drop.

- 16 -

The Recognized Claim is limited to no more than the out-of-pocket loss actually incurred on the purchase and sale of the stock, or for shares still held 90 days after the end of the April 29, 2004 Class Period (*i.e.*, still held at the close of trading on July 29, 2004), the Recognized Claim is limited to no more than the difference between the purchase price paid and $2.17 per share. $2.17 was the average trading price of the common stock during the 90 day period from April 30, 2004 through July 29, 2004.

For shares of Allos common stock purchased during the Class Period (May 29, 2003 through and including April 29, 2004), "Recognized Claims" will be calculated for purposes of the Settlement as follows:

     (a)    If the shares purchased during the Class Period were sold at a loss on or before April 29, 2004, an Authorized Claimant shall have no ($0.00) "Recognized Claim"; and

     (b)    If the shares purchased during the Class Period were sold at a loss during the period from April 30, 2004 through July 29, 2004, inclusive, an Authorized Claimant's "Recognized Claim" shall mean the *lesser* of: (a) $2.09 per share (the amount that the stock dropped after the FDA announcement), or (b) the purchase price paid (including commissions, etc.) less the sales proceeds received (net of commissions, etc.); and

     (c)    If the shares purchased during the Class Period were held as of the close of trading on July 29, 2004, an Authorized Claimant's "Recognized Claim" shall mean the *lesser* of: (a) $2.09 per share, or (b) the purchase price paid (including commissions, etc.) less $2.17 per share.

In the event a Class Member has more than one purchase or sale of Allos common stock, all purchases and sales shall be matched on a First In First Out ("FIFO") basis. Class Period sales will be matched first against any Allos shares held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of Allos common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Allos common stock during the Class Period shall not be deemed a purchase or sale of Allos common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Allos common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Allos common stock.

To the extent a Claimant had a gain from his, her or its overall transactions in Allos common stock during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Allos common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Allos common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all Allos common stock purchased during the

- 17 -

Class Period by the claimant (the "Total Purchase Amount"); (ii) match any sales of Allos common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of Allos common stock sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a $2.55 per share holding value for the number of shares of Allos common stock purchased during the Class Period and still held at the end of the Class Period ("Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in Allos common stock during the Class Period.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Counsel.

Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Allos common stock (CUSIP: 019777101; Nasdaq Trading Symbol: ALTH; Berlin Stock Exchange Trading Symbol: TH8 GR) during the period from May 29, 2003 through and including April 29, 2004 for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Allos common stock

during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that Allos common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Allos Therapeutics Securities Litigation Settlement
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 5100
Larkspur, California 94977-5100
(800) ___ - _____

Dated:          Denver, Colorado
                _____, 2008

By Order of the Court
CLERK OF THE COURT

EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01030-WDM-CBS

NOBLE ASSET MANAGEMENT LLC, on behalf of itself and all others similarly situated,

      Plaintiff,

v.

ALLOS THERAPEUTICS, INC., and
MICHAEL E. HART,

      Defendants.

---

### PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: _____, 2009.

IF YOU PURCHASED THE COMMON STOCK OF ALLOS THERAPEUTICS, INC. ("ALLOS") BETWEEN MAY 29, 2003 AND APRIL 29, 2004, INCLUSIVE ("CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

EXCLUDED FROM THE CLASS ARE THE DEFENDANTS IN THE ACTION, THE OFFICERS AND DIRECTORS OF ALLOS AT ALL RELEVANT TIMES, MEMBERS OF THEIR IMMEDIATE FAMILIES (PARENTS, SPOUSES, SIBLINGS, AND CHILDREN) AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2009 TO THE FOLLOWING ADDRESS:

Allos Therapeutics Securities Litigation Settlement
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, California  94977-5100

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2009 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING

ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS
LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR
TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL
BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY
TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1.    I affirm that I purchased the common stock of Allos between May 29, 2003 and

April 29, 2004, inclusive. (Do not submit this Proof of Claim if you did not purchase Allos

common stock during this period).

2.    By submitting this Proof of Claim, I state that I believe in good faith that I am a

Class Member as defined above and in the Notice of Pendency of Class Action and Proposed

Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am

acting for such person; that I am not a Defendant in the Action or anyone excluded from the

Class; that I have read and understand the Notice; that I believe that I am entitled to receive a

share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described

in the Notice; and that I have not filed a request for exclusion. (If you are acting in a

representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee,

or other representative), you must submit evidence of your current authority to act on behalf of

that Class Member. Such evidence would include, for example, letters testamentary, letters of

administration, or a copy of the trust documents.)

3.    I consent to the jurisdiction of the Court with respect to all questions concerning

the validity of this Proof of Claim. I understand and agree that my claim may be subject to

investigation and discovery under the Federal Rules of Civil Procedure, provided that such

investigation and discovery shall be limited to my status as a Class Member and the validity and

amount of my claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.     I have set forth where requested below all relevant information with respect to each purchase of Allos common stock during the Class Period, and each sale, if any, of such securities. I agree to furnish additional information (including transactions in other Allos securities) to the Claims Administrator to support this claim if requested to do so.

5.     I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Allos common stock listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.     I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.     Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, executors, administrators,

- 3 -

predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8.    I (we) warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Settled Claims.

9.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-(800) ___-____ or visit their website at *www.gilardi.com* to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

10.    Statement of Claim

CLAIMANT IDENTIFICATION

_____ / _____
Beneficial Owner's Name (First, Middle, Last)    / Joint Owner's Name

_____
Street Address

_____    _____
City                                       State              Zip Code

- 4 -

_____          _____
Foreign Province                     Foreign Country

_____          _____ (Daytime)
Area Code                            Telephone Number

_____          _____ (Evening)
Area Code                            Telephone Number

Check appropriate box:

☐   Individual/Sole Proprietor      ☐   Joint Owners        ☐   Pension Plan
☐   Corporation                      ☐   Partnership         ☐   Trust
☐   IRA                              ☐   Other (describe:_____)

_____          _____
Social Security Number      or       Taxpayer Identification Number

_____
Record Owner's Name (if different from beneficial owner listed above)


11.    At the close of business on May 28, 2003, I owned _____ shares of Allos

common stock (If none, write "zero" or "0") (If other than zero, must be documented).

12.    I made the following purchases of Allos common stock during the period May 29,

2003 through and including July 29, 2004 (Persons who received Allos common stock during the

Class Period other than by purchase are not eligible to submit claims for those transactions.)

(must be documented):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

13.    I made the following sales of Allos common stock during the period May 29, 2003 through and including July 29, 2004 (If none, write "zero" or "0") (If other than zero, must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

14.    At the close of trading on April 29, 2004, I owned _____ shares of Allos common stock (If none, write "zero" or "0") (If other than zero, must be documented).  At the close of trading on July 29, 2004, I owned _____ shares of Allos common stock (If none, write "zero" or "0") (If other than zero, must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

15.    Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

16.    Certification


I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

- 7 -

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____,

**2009**, AND MUST BE MAILED TO:

Allos Therapeutics Securities Litigation Settlement
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, California  94977-5100

A Proof of Claim received by the Claims Administrator shall be deemed to have been

submitted when posted, if mailed by _____, **2009**, and if a postmark is indicated on

the envelope and it is mailed first class, and addressed in accordance with the above instructions.

In all other cases, a Proof of Claim shall be deemed to have been submitted when actually

received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of

the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly

as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the

Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1.     ☐     Please be sure to sign this Proof of Claim on page [__].  If this Proof of Claim is
submitted on behalf of joint claimants, then both claimants must sign.

2.     ☐     Please remember to attach supporting documents.  Do NOT send any stock
certificates.  Keep copies of everything you submit.

3.     ☐     Do NOT use highlighter on the Proof of Claim or any supporting documents.

4.     ☐     If you move after submitting this Proof of Claim, please notify the Claims
Administrator of the change in your address.

**NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED**

The Claims Administrator will send a written confirmation of its receipt of your Proof of

Claim.  Do not assume your claim is submitted until you receive written confirmation of its

- 8 -

receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written

confirmation of its receipt of your Proof of Claim.  If you do not receive an acknowledgement

postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims

Administrator toll free at _____.

EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-01030-WDM-CBS

NOBLE ASSET MANAGEMENT LLC, on behalf of itself and all others similarly situated,

     Plaintiff,

v.

ALLOS THERAPEUTICS, INC., and
MICHAEL E. HART,

     Defendants.

---

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,
PROPOSED SETTLEMENT AND SETTLEMENT HEARING**

---

TO:    ALL PERSONS WHO PURCHASED THE COMMON STOCK OF ALLOS
       THERAPEUTICS, INC. BETWEEN MAY 29, 2003 AND APRIL 29, 2004,
       INCLUSIVE, AND WERE DAMAGED THEREBY (THE "CLASS").

    YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the Court, that the above-captioned action has been certified as a class

action and that a settlement for $2,000,000 has been proposed.  A hearing will be held before the

Honorable Walker D. Miller in the Alfred A. Arraj United States Courthouse, 901 19th Street,

Denver, Colorado 80294-3589, at ___:_____ ___.m., on _____, 2008 to determine

whether the proposed settlement should be approved by the Court as fair, reasonable, and

adequate.  If the settlement is approved, the Court will thereafter consider the application of

Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

    IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS

WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT

FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and

Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of

Claim form, you may obtain copies of these documents by contacting the Claims Administrator:

Allos Therapeutics Securities Litigation Settlement
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, California  94977-5100
(800) _____
www.gilardi.com

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to

Plaintiffs' Counsel:

Jeff S. Westerman, Esq.
MILBERG LLP
One California Plaza
300 S. Grand Ave., Suite 3900
Los Angeles, CA  90071
(213) 617-1200

To participate in the Settlement, you must submit a Proof of Claim no later than

_____, 2009.  If you are a Class Member and do not exclude yourself from the

Class, you will be bound by the Order and Final Judgment of the Court.  To exclude yourself

from the Class, you must submit a request for exclusion postmarked no later than

_____, 2008.  Any objections to the Settlement must be filed by _____,

2008.  If you are a Class Member and do not submit a proper Proof of Claim, you will not share

in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the

Court.

Further information may be obtained by contacting the Claims Administrator.

By Order of The Court