IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Case No. 04-cv-01030-WDM-CBS

NOBLE ASSET MANAGEMENT, LLC.

        Plaintiff,

   v.

ALLOS THERAPEUTICS, INC AND
MICHAEL E. HART,

        Defendants.

_____

## ORDER AND FINAL JUDGMENT
_____

        This matter is before me on the Plaintiff''s Motion for Final Approval of this Class

Action Settlement and the Plan of Allocation of Settlement Proceeds (Doc. No. 73).

Also before me is the Plaintiff's motion for attorneys' fees and expenses (Doc. No. 74).

Pursuant to Notice published in the National Edition of Investors Business Daily, hearing

was held on January 21, 2009.  Counsel for Plaintiffs and Defendants appeared.  No

objector or anyone else appeared.  Following a full review, and being sufficiently

advised, the motions should be granted.

        Therefore, I find, conclude and order:

        1.  All terms used in this order have the meanings defined in the Stipulation and

Agreement of Settlement, dated February 2, 2008 ("Stipulation").

        2.  Pursuant to the February 13, 2008 remand order of the United States Court of

Appeals for the Tenth Circuit in this case (case no. 05-1504), I have limited jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members, and the Defendants to approve settlement.  Pursuant to the Court of Appeals' clarification order, filed January 29, 2009, I now also have jurisdiction to issue such orders as may be necessary to effectuate the terms of the Stipulation.

3.   The prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, I certify this action as a class action on behalf of all persons who purchased the common stock of Allos between May 29, 2003 and April 29, 2004, inclusive, and who were damaged thereby.   Excluded from the Class are Defendants, the officers and directors of Allos at all relevant times, members of their immediate families (parents, spouses, siblings, and children) and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

5.  Notices of the pendency of this Action as a class action, the proposed Settlement and the Plan of Allocation were given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action, the terms and conditions of the proposed Settlement and the Plan of Allocation met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.  Notices advised all Class Members of their right to be heard, object or be excluded from the Class.

6.  No one requested exclusion from the Class and none objected to the Settlement.

7.  The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.  The formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") sent to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among the Settlement Class Members, with due consideration having been given to administrative convenience and necessity.  Therefore, the Plan of Allocation is approved.

9.  The Complaint is hereby dismissed with prejudice and without costs, except

as provided in the Stipulation, as against the Defendants.

10.  Plaintiffs and all members of the Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (I) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them at any time against any of the Released Parties which arise out of, are based upon, or are related in any way to (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase, acquisition, retention, sale, or disposition of Allos common stock during the Class Period; or (b) the settlement or resolution of this Action (including, without limitation, any claim for attorneys' fees by Plaintiffs' Counsel or any Class Member and any claim related to any tax effects or tax liabilities, including any interest, penalties and representation costs, arising out of the Settlement or any payment or transfer made pursuant to the Stipulation (the "Settled Claims") (except that "Settled Claims" does not

mean or include claims, if any, against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") which are not common to all Class Members) against any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, reinsurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all the Released Parties are hereby compromised,

settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

12.  Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)  offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

13. Plaintiffs' Class Counsel are awarded attorneys' fees in the amount of $600,000, or thirty percent (30%) of the $2.0 million Settlement Amount; reimbursement for costs and expenses in the amount of $38,566.56; and interest on both amounts until paid at the same rate as earned on the Gross Settlement Fund.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. There is no just reason for delay in the entry of this Order and Final Judgment

and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54

(b) of the Federal Rules of Civil Procedure.

Dated at Denver, Colorado January 29, 2009

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge