## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01030-WDM-CBS

NOBLE ASSET MANAGEMENT LLC, on behalf of itself and all others similarly situated,

    Plaintiff,

v.

ALLOS THERAPEUTICS, INC., and
MICHAEL E. HART,

    Defendants.
_____

## CLASS DISTRIBUTION ORDER
_____

    This matter is before me on the Plaintiffs' Unopposed Motion for Class Distribution Order supported by the Affidavit of Lara McDermott.  Following review and being sufficiently advised in the matter, it is hereby ordered, in accordance with my January 29, 2009 Order and Final Judgment, as follows:

    1.  The administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Lara McDermott (Ex. C1), including claims submitted after February 5, 2009 through and including October 31, 2009, be and the same hereby are approved, and said claims are hereby accepted;

    2.   The administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Lara McDermott (Ex. C2) be and the same hereby are approved, and said claims are hereby rejected;

**3.** Gilardi & Co. LLC shall be paid the sum of $3,522 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the settlement administration and distribution of the Net Settlement Fund;

4. The Certified Public Accounting firm of Eisner LLP, the tax accountants for the Settlement Fund, shall be paid the sum of $3,000 from the Settlement Fund for its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the taxation of the Settlement Fund herein for the year 2009;

5. The balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Lara McDermott in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout;

6. The payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION TO OTHERS IF NOT CASHED BY [DATE]." Plaintiffs' Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time;

7. The costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/un-cashed monies remaining in the Net Settlement Fund;

8. As provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Counsel are authorized to cause the Claims Administrator to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Counsel;

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order;

10. The Claims Administrator is hereby authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or

magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants;

11. No claim submitted, and no deficient claim corrected, after October 31, 2009 will be accepted; and

12. This Court retain jurisdiction over any further application or matter which may arise in connection with this action.

DATED at Denver, Colorado, on January 4, 2010.

BY THE COURT:

s/ Walker D. /Miller
United States Senior District Judge